

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| WAYNE P. CRISMORE, | ) | CV-08-177-M-DWM-JCL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I. Introduction

United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendation in this matter on August 25, 2009. Judge Lynch recommended granting Plaintiff's motion for summary judgment and reversing the Commissioner's decision and remanding the matter for further proceedings. Defendant timely objected on September 14, 2009. Defendant therefore is entitled

1

to de novo review of those portions of the Findings and Recommendation to which he objected. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendation not specifically objected to will be reviewed for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981).

Because I agree with Judge Lynch's analysis and conclusions, I adopt his Findings and Recommendation in full. The parties are familiar with the factual background of this case, so it will not be restated here.

## II. Analysis

The Commissioner objects to Magistrate Judge Lynch's finding that the Administrative Law Judge ("ALJ"), did not acknowledge Dr. Bekemeyer's November 2006 assessment of Mr. Crismore. The Commissioner contends that there are noted inconsistencies between Dr. Bekemeyer's November 2006 examination and previous evaluations of Mr. Crismore, which could support the discounting of Dr. Bekemeyer's opinion. The Commissioner further asserts that he is not required to refute every contention of every piece of evidence in the assessment. The Commissioner offers the concurrent assertion, that even if the reason for the omission of Dr. Bekemeyer's November 2006 opinions were not expressly addressed, the error was harmless.

2

A finding that a treating source medical opinion is inconsistent with the other substantial evidence in the case record does not mean the opinion should be rejected or is not entitled to controlling weight. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007). "Treating source medical opinions are still entitled to deference and must be weighted using all of the factors provided in 20 C.F.R. § 404.1527." Id. Where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons supported by substantial evidence in the record. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).

There is no indication that the ALJ assessed or evaluated Dr. Bekemeyer's findings from his November 11, 2006 examination of Mr. Crismore. The ALJ accepted Dr. Bekemeyer's opinions prior to November 2006, yet no reasons were given for rejecting the most recent opinion developed from the November 2006 examination of Mr. Crismore. If the ALJ chooses to disregard portions of Dr. Bekemeyer's opinion, especially the most current examination, it must provide "clear and convincing reasons supported by substantial evidence in the record." Lester, 81 F.3d at 830. The ALJ did not. At most the ALJ provides insinuations of inconsistencies between Dr. Bekemeyer's examinations. The ALJ fails to provide substantial evidence to provide guidance as to what these inconsistencies indicated to them, or how they may have weighed against Dr. Bekemeyer's

3

testimony in such a way as to discount it.

This error was not harmless. On November 11, 2006, Dr. Bekemeyer completed a residual functional capacity questionnaire assessing Mr. Crismore's pulmonary functions. Dr. Bekemeyer indicated that, due to the current state of his health, Mr. Crismore would be required to take unscheduled work breaks during the day, for unknown lengths of time, some lasting hours. Dr. Bekemeyer further estimated that Mr. Crismore would be absent from any work, as a result of his impairment, about four times a month. These are not mere pieces of evidence failing to warrant examination but material facts deserving due consideration. Absent from the assessment performed by the ALJ are any clear or convincing reasons for rejecting these opinions in regard to the state Mr. Crismore's health in November 2006.

### III. Conclusion

IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation (dkt #17) are adopted in full. Crismore's motion for summary judgment (dkt #11) is GRANTED and Commissioner's motion for summary judgment (dkt #12) is DENIED.

IT IS FURTHER ORDERED that the Commissioner's decision denying benefits to Crismore is REVERSED pursuant to sentence four of 42 U.S.C. §

405(g) and the matter is REMANDED for additional administrative proceedings.

DATED this 30th day of October, 2009.

/s/ Donald W. Molloy
Donald W. Molloy, District Judge
United States District Court